```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
VALENTIA VILLETTI and FAIZA JIBRIL, M.D.,    18 Civ.

                Plaintiffs,

      - against -                            COMPLAINT

GUIDEPOINT GLOBAL, LLC,                      PLAINTIFFS DEMAND
                                             TRIAL BY JURY IN
                Defendant.                   THIS ACTION
-----------------------------------------X
```

Plaintiffs Valentia Villetti ("Villetti") and Faiza Jibril, M.D. ("Jibril"), by their attorneys, Lichten & Bright, P.C., complain of defendant Guidepoint Global, LLC ("Guidepoint"), as follows:

JURISDICTION AND VENUE

1. This is an action brought to remedy discrimination on the basis of sex, and retaliation for protected activity, in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the New York State Human Rights Law, Executive Law § 290 et seq. ("Human Rights Law"), and the Administrative Code of the City of New York, § 8-101 et seq. ("Administrative Code").

2. Jurisdiction of this Court is invoked pursuant to U.S.C. §§ 1331, 1343(a)(4), and 1367, and 42 U.S.C. §§ 2000e-5(f)(3).

3. Declaratory and injunctive relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §§ 2000e-5(f), (g)(1), and (g)(2)(B)(i). Compensatory damages are sought pursuant to 42 U.S.C. § 1981a, Executive Law § 297(9), and Administrative Code § 8-502(a). Punitive damages are

sought pursuant to 42 U.S.C. § 1981a and Administrative Code § 502(a).

4. Costs and attorney fees are sought pursuant to 42 U.S.C. § 2000e-5(g)(2)(B)(i) and (k) and Administrative Code § 502(a).

5. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices occurred within this judicial district.

6. Villetti and Jibril filed Charges of Discrimination against defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on May 1, 2018, and July 9, 2018, respectively. The EEOC, in documents received by Villetti and Jibril on or about November 2, 2018, and August 23, 2018, respectively, issued plaintiffs notices informing them of their right to sue defendant. Plaintiffs have fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

7. On September 11, 2017, Guidepoint hired Villetti as a Senior Healthcare Content Strategist.

8. In December 2017, Guidepoint actively recruited Jibril for the position of Healthcare Content Strategist.

9. Defendant provides its clients with experts in various subject matter areas. Defendant's principal place of business is in New York, New York.

FACTS

10. Throughout Villetti's employment by Guidepoint, her work performance was exemplary.

11. Guidepoint, however, compelled Villetti to work in a hostile work environment permeated with sex discrimination and harassment. Guidepoint treated women differently from men on a variety of occasions.

12. For instance, Ashlee Dunston, Villetti's predecessor, was dismissed just before the Christmas holidays for no reason, without consultation with Dunston's staff, a step always taken when the company was considering the discharge of male staff. Also, Guidepoint demoted Jessica Kagin-Tropea, and reduced her seniority and bonus, while she was on maternity leave.

13. In December 2017, Lateral Recruiter James Lukban contacted Jibril to see if she would be interested in the position of Healthcare Content Strategist. On January 22, 1018, after several days of interviews and discussions, Lukban informed Jibril that, "as a final step in the process," Guidepoint wished to conduct a reference check. Later that day, Jibril provided the requested references.

14. Guidepoint designated Villetti and her supervisor, Director of Content Strategy Bouker Pool, as the company's hiring managers for the position of Healthcare Content Strategist, which meant that Villetti and Pool possessed full and final authorization to hire a candidate for the position. Villetti and Pool decided to hire Jibril.

3

15. Guidepoint Chief Executive Officer Albert Sebag, without ever meeting Jibril, vetoed her hire. Guidepoint ultimately hired a man for the position.

16. In a meeting on March 12, 2018, and in a memorandum dated March 12, 2018, Villetti detailed her allegations of discrimination to Director of Human Resources Priscilla Gulino. Villetti included the company's failure to hire Jibril, who Villetti described as an "extremely qualified female candidate," following a "severe personal intervention" by Sebag. Villetti stated that Guidepoint refused to allow her to discuss or defend the choice of Jibril.

17. On March 16, 2018, Pool filed a formal, written complaint pursuant to the "Non-Discrimination and Harassment Policy" found in the Guidepoint Employee Handbook.

18. On March 18, 2018, Guidepoint dismissed Villetti and Pool, effective March 19, 2018.

FIRST CAUSE OF ACTION

19. Defendant discharged Villetti because of her sex. By its acts and practices described above, defendant has violated Title VII.

20. As a result of defendant's discriminatory acts, Villetti has suffered and will continue to suffer injury unless and until this Court grants relief. Defendant engaged in these discriminatory practices with malice and with reckless indifference to Villetti's rights protected under federal law.

SECOND CAUSE OF ACTION

21. Defendant discharged Villetti because of her sex. By its acts and practices described above, defendant has violated the Human Rights Law.

22. As a result of defendant's discriminatory acts, Villetti has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these discriminatory practices.

THIRD CAUSE OF ACTION

23. Defendant discharged Villetti because of her sex. By its acts and practices described above, defendant has violated the Administrative Code.

24. As a result of defendant's discriminatory acts, Villetti has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these retaliatory practices.

FOURTH CAUSE OF ACTION

25. Defendant discharged Villetti because she opposed actions prohibited by Title VII. By its acts and practices described above, defendant has violated Title VII.

26. As a result of defendant's retaliatory acts, Villetti has suffered and will continue to suffer injury unless and until this

Court grants relief. Defendant engaged in these retaliatory practices with malice and with reckless indifference to Villetti's rights protected under federal law.

### FIFTH CAUSE OF ACTION

27. Defendant discharged Villetti because she had opposed actions prohibited by the Human Rights Law. By its acts and practices described above, defendant has violated the Human Rights Law.

28. As a result of defendant's retaliatory acts, Villetti has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these retaliatory practices.

### SIXTH CAUSE OF ACTION

29. Defendant discharged Villetti because she had opposed actions prohibited by the Administrative Code. By its acts and practices described above, defendant has violated the Administrative Code.

30. As a result of defendant's retaliatory acts, Villetti has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these retaliatory practices.

SEVENTH CAUSE OF ACTION

31.  Defendant did not hire Jibril because of her sex.  By its acts and practices described above, defendant has violated Title VII.

32.  As a result of defendant's discriminatory acts, Jibril has suffered and will continue to suffer injury unless and until this Court grants relief.  Defendant engaged in these discriminatory practices with malice and with reckless indifference to plaintiff's rights protected under federal law.

EIGHTH CAUSE OF ACTION

33.  Defendant did not hire Jibril because of her sex.  By its acts and practices described above, defendant has violated the Human Rights Law.

34.  As a result of defendant's discriminatory acts, Jibril has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.  Defendant willfully and maliciously engaged in these discriminatory practices.

NINTH CAUSE OF ACTION

35.  Defendant did not hire Jibril because of her sex.  By its acts and practices described above, defendant has violated the Administrative Code.

36.  As a result of defendant's discriminatory acts, Jibril has suffered and will continue to suffer monetary damages and

damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these retaliatory practices.

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

ON THE FIRST, FOURTH, AND SEVENTH CAUSES OF ACTION

(a) declaring that the acts and practices complained of herein are in violation of Title VII;

(b) enjoining and permanently restraining these violations of Title VII;

(c) directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiffs' employment opportunities;

(d) directing defendant to place plaintiffs in the position they would have continued to occupy but for defendant's discriminatory and retaliatory treatment of them, and make them whole for all earnings they would have received but for defendant's discriminatory and retaliatory treatment, including but not limited to wages, bonuses, pensions, and other lost benefits;

(e) directing defendant to pay plaintiffs compensatory and punitive damages and damages for their mental anguish and humiliation;

(f) awarding plaintiffs reasonable attorney fees and the costs of this action;

(g) granting such other and further relief as this Court deems just and proper;

ON THE SECOND, FIFTH, AND EIGHTH CAUSES OF ACTION

(h) awarding compensatory damages in an amount not yet ascertained;

ON THE THIRD, SIXTH, AND NINTH CAUSES OF ACTION

(i) awarding compensatory and punitive damages in an amount not yet ascertained; and

(j) awarding plaintiffs reasonable attorney fees and the costs of this action.

DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all of the causes of action herein.

Dated: New York, New York
       November 5, 2018

                                    _____
                                    Stuart Lichten (SL-1258)
                                    LICHTEN & BRIGHT, P.C.
                                    Attorneys for Plaintiff
                                    387 Park Avenue South - 5th Fl.
                                    New York, New York 10016
                                    (646) 588-4872