UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

VALENTIA VILLETTI and FAIZA JIBRIL, M.D.,　　　Case No.: 1:18-cv-10200-VSB

　　　　　　　　　　　　　　Plaintiffs,

　　　　　　　　　　　　　　　　　　　　　　　**ANSWER AND DEFENSES TO**
　　- against -　　　　　　　　　　　　　　　　**COMPLAINT**

GUIDEPOINT GLOBAL, LLC,

　　　　　　　　　　　　　　Defendant.

------------------------------------------------------------------ X

　　　　Defendant Guidepoint Global, LLC ("Defendant"), by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, hereby submits as and for its Answer and Defenses to the Complaint of plaintiffs Valentia Villetti and Faiza Jibril, M.D. ("Plaintiffs"), filed November 5, 2018 ("Complaint"), the following:

## ANSWERING "JURISDICTION AND VENUE"

　　　　1.　　The allegations in paragraph 1 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations set forth in paragraph 1 of the Complaint and respectfully refers the Court to the statutes referenced therein.

　　　　2.　　The allegations in paragraph 2 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations set forth in paragraph 2 of the Complaint and respectfully refers the Court to the statutes referenced therein.

　　　　3.　　The allegations in paragraph 3 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations set forth in paragraph 3 of the Complaint and respectfully refers the Court to the statutes referenced therein.

4. The allegations in paragraph 4 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations set forth in paragraph 4 of the Complaint and respectfully refers the Court to the statutes referenced therein.

5. The allegations in paragraph 5 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations set forth in paragraph 5 of the Complaint and respectfully refers the Court to the statute referenced therein.

6. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6 of the Complaint.

## ANSWERING "PARTIES"

7. Admits the allegations set forth in paragraph 7 of the Complaint.

8. Denies the allegations set forth in paragraph 8 of the Complaint.

9. Admits the allegations set forth in paragraph 9 of the Complaint.

## ANSWERING "FACTS"

10. Denies the allegations set forth in paragraph 10 of the Complaint.

11. Denies the allegations set forth in paragraph 11 of the Complaint.

12. Denies the allegations set forth in paragraph 12 of the Complaint.

13. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies the allegations set forth in paragraph 14 of the Complaint.

15. Denies the allegations set forth in paragraph 15 of the Complaint.

16. Denies the allegations set forth in paragraph 16 of the Complaint.

17. Denies the allegations set forth in paragraph 17 of the Complaint.

18. Admits the allegations set forth in paragraph 18 of the Complaint, only to the extent that they state that "Guidepoint dismissed Villetti and Pool, effective March 19, 2018," and denies all other allegations set forth in paragraph 18.

## ANSWERING "FIRST CAUSE OF ACTION"

19. Denies the allegations set forth in paragraph 19 of the Complaint.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

## ANSWERING "SECOND CAUSE OF ACTION"

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

## ANSWERING "THIRD CAUSE OF ACTION"

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

## ANSWERING "FOURTH CAUSE OF ACTION"

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

## ANSWERING "FIFTH CAUSE OF ACTION"

27. Denies the allegations set forth in paragraph 27 of the Complaint.

28. Denies the allegations set forth in paragraph 28 of the Complaint.

## ANSWERING "SIXTH CAUSE OF ACTION"

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint.

## ANSWERING "SEVENTH CAUSE OF ACTION"

31. Denies the allegations set forth in paragraph 31 of the Complaint.

...

32. Denies the allegations set forth in paragraph 32 of the Complaint.

## ANSWERING "EIGHTH CAUSE OF ACTION"

33. Denies the allegations set forth in paragraph 33 of the Complaint.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

## ANSWERING "NINTH CAUSE OF ACTION"

35. Denies the allegations set forth in paragraph 35 of the Complaint.

36. Denies the allegations set forth in paragraph 36 of the Complaint.

## ANSWERING REQUEST FOR JUDGMENT

In response to paragraphs (a) – (j), Defendant denies the allegations set forth therein and affirmatively avers that Plaintiffs are not entitled to any of the relief requested or any other relief.

## ANSWERING "DEMAND FOR A TRIAL BY JURY"

In response to Plaintiffs' Demand for a Trial by Jury, Defendant denies the allegations set forth in that paragraph and affirmatively avers that Plaintiffs are not entitled to any of the relief requested or any other relief.

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

The Complaint and each claim purported to be alleged therein are barred, in whole or in part, by the equitable doctrine of laches.

## AS AND FOR A THIRD DEFENSE

The Court lacks subject matter jurisdiction over the action.

### AS AND FOR A FOURTH DEFENSE

The Court should not exercise supplemental jurisdiction over the causes of action in the Complaint that purport to arise under the New York State Executive Law and the Administrative Code of the City of New York.

### AS AND FOR A FIFTH DEFENSE

Any and all tangible employment actions affecting Plaintiffs were based on legitimate non-discriminatory, non-retaliatory reasons.

### AS AND FOR A SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A SEVENTH DEFENSE

Plaintiffs are not entitled to punitive damages.

### AS AND FOR AN EIGHTH DEFENSE

Even if Plaintiffs were entitled to recover damages, which Defendant expressly denies, Plaintiffs may be barred or limited from recovering damages based on their failure to mitigate said damages.

### AS AND FOR A NINTH DEFENSE

Some or all of Plaintiffs' alleged injuries are due, in whole or in part, to their own actions.

### AS AND FOR A TENTH DEFENSE

The Complaint is barred, in whole or in part, by Plaintiffs' failure to satisfy all conditions precedent to suit.

### AS AND FOR AN ELEVENTH DEFENSE

Defendant conducted its practices in good faith and in accordance with all applicable statutes and regulations with regard to Plaintiffs. Defendant has not acted in bad faith or willfully

or otherwise violated Plaintiffs' rights in any manner or acted maliciously with respect to any aspect of the events underlying the Complaint.

## AS AND FOR A TWELFTH DEFENSE

Costs or damages alleged to be incurred in the future may not be recovered as they are remote, speculative, contingent, and incapable of calculation.

## AS AND FOR A THIRTEENTH DEFENSE

At all times material hereto, the actions of Defendant were justified under the circumstances, and Defendant acted in a manner that was proper, reasonable, lawful, and in the exercise of good faith.

## AS AND FOR A FOURTEENTH DEFENSE

Reasonable care was exercised to prevent and promptly eliminate any discriminatory conduct in the workplace. Plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities provided to them or to otherwise avoid harm.

## AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs' claims are frivolous and groundless and known by Plaintiffs to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant.

## AS AND FOR A SIXTEENTH DEFENSE

Even if Plaintiffs were entitled to recover damages, which Defendant expressly denies, Plaintiffs may be barred or limited from recovering damages based on the doctrine of after-acquired evidence.

### AS AND FOR A SEVENTEENTH DEFENSE

At all times relevant to the acts alleged in the Complaint, Defendant's actions were reasonable, proper, lawful, made in good faith, and without malice, willfulness, or intent to violate Plaintiffs' rights and/or retaliate against Plaintiffs.

### AS AND FOR AN EIGHTEENTH DEFENSE

Defendant has not violated any rights, privileges, or immunities of Plaintiffs under any federal, state, or local laws.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiffs' claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set-offs.

### AS AND FOR A TWENTIETH DEFENSE

Plaintiffs have failed to exhaust all administrative remedies.

### AS AND FOR A TWENTY-FIRST DEFENSE

The Complaint and each claim purported to be alleged therein are barred, in whole or in part, by the equitable doctrine of unclean hands.

### AS AND FOR A TWENTY-SECOND DEFENSE

The Complaint and each claim purported to be alleged therein are barred, in whole or in part, by the equitable doctrine of avoidable consequences.

### AS AND FOR A TWENTY-THIRD DEFENSE

Defendant reserves the right to add further defenses as warranted by the development of the factual record in this case.

**WHEREFORE,** having fully answered and responded to the allegations of the Complaint, Defendant respectfully requests that:

    **A.**    Plaintiffs' claims be dismissed in their entireties with prejudice;

    **B**.    Each and every request for relief in the Complaint be denied;

    **C**.    Judgment be entered against Plaintiffs and for Defendant; and

    **D**.    Any other relief this Court deems just and proper be granted to Defendant.

Dated:    New York, New York
              January 14, 2019

              Respectfully Submitted,

              GORDON REES
              SCULLY MANSUKHANI, LLP

              By: /s/ *David Grech*
                  Mercedes Colwin
                  David J. Grech
                  One Battery Park Plaza, 28th Floor
                  New York, New York 10004
                  Tel: (212) 269-5500
                  Fax: (212) 269-5505
                  Email: mcolwin@grsm.com
                  Email: dgrech@grsm.com
                  *Attorneys for Defendant*

To:    Stuart Lichten, Esq.
        Lichten & Bright, PC
        387 Park Avenue South, 5th Floor
        New York, New York 10016
        Email: slichten@lichtenandbright.com
        *Attorneys for Plaintiffs*
        (*via* ECF)