UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

| | |
|---|---|
| VALENTIA VILLETTI and FAIZA JIBRIL, M.D., | Case No.: 1:18-cv-10200-VSB-KNF |
| Plaintiffs, | |
| - against - | **DEFENDANT GUIDEPOINT GLOBAL, LLC'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| GUIDEPOINT GLOBAL, LLC, | |
| Defendant. | |

---------------------------------------------------------------- X

**PLEASE TAKE NOTICE**, that pursuant to Rules 26(b) and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules"), defendant Guidepoint Global, LLC ("Guidepoint" or "Defendant"), by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, hereby requests that plaintiffs Valentia Villetti ("Villetti") and Faiza Jibril, M.D. ("Jibril") (collectively, "Plaintiffs") produce the documents identified below at the law offices of Gordon Rees Scully Mansukhani, LLP, One Battery Park Plaza, 28th Floor, New York, New York 10004. Responses to these document requests must be served within thirty (30) days.

## DEFINITIONS

1.  The definitions set forth in Local Civil Rule 26.3 are hereby deemed incorporated by reference into these document requests.

2.  The terms "you," "your," or "Plaintiffs," refer collectively to Valentia Villetti and Faiza Jibril, M.D. or any agent who has acted or is acting on their behalf.

1

3. "Defendant" or "Guidepoint" refers to Guidepoint Global, LLC, and its related entities, predecessors, subsidiaries, divisions, departments, officers, directors, employees, successors in interest, and/or any agent, person, or entity who has acted or is acting on its behalf.

4. "Complaint" refers to the complaint filed on behalf of Plaintiffs in this matter on November 5, 2018.

5. The term "all documents" means each and every document, as defined by Local Civil Rule 26, that can be located, discovered, or obtained by reasonable diligent efforts, including without limitation all documents possessed by you or your counsel and any other person from whom you can obtain such documents by request or which you have a legal right to bring within your possession by demand.

## INSTRUCTIONS

1. These document requests are to be answered by you to the extent of all information that is or may be available to you or any person (including, but not limited to, employee, agent, expert, accountant, or attorney) who has acted or is now acting on your behalf.

2. These document requests are continuing in nature. You must promptly produce all additional responsive information and documents that may become known to you or your attorneys (without further request by Defendant) prior to the trial of this action. Defendant reserves the right to object at the time of trial to the offering into evidence of any documents or information that has been demanded and not produced.

3. Each document request shall be answered separately. Each answer shall first set forth *verbatim* the request to which it is responsive. Moreover, each document produced in response to a particular request shall be segregated to reflect the specific request to which it is responsive. If a document is responsive to more than one request, you must specify each request

to which it is responsive. If you object, the objection shall be stated with specificity, and you shall provide all documents to the extent the request is not objectionable.

4.      If any form of privilege is claimed with respect to any request herein, set forth each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination of the validity of the privilege, in accordance with Local Civil Rule 26.2.

5.      If, after reasonable and thorough investigation, using due diligence, you claim any document cannot be produced, in whole or in part, on the grounds that it is not available to you, specify in full and complete detail why it is not available to you, all efforts that have been made to locate it, and identify each individual you believe may possess any information regarding its present location. In addition, specify what knowledge or belief you do have concerning the existence of documents concerning the unanswered portion of any request and set forth the facts upon which such knowledge or belief is based.

6.      With respect to any responsive document or partial document that at one time was but is no longer in your possession, custody, or control, state:

   a. The type of document;

   b. The subject matter and contents of the document;

   c. The author of the document;

   d. Each person(s) to whom the original or a copy of the document was sent;

   e. The date on which the document was prepared or transmitted;

   f. The date on which the document was lost or destroyed and, if destroyed, the condition of and reasons for such destruction and the person(s) requesting and performing the destruction.

7.      You shall preserve the integrity and appearance of any webpage, blog, and/or

website posting, including those on social media, concerning this action and/or your mental or physical state or location throughout this action or throughout the timeframe underlying this action.

8. In addition to the rules of construction contained in Local Civil Rule 26.3, which are incorporated herein by reference, wherever necessary to ensure completeness or accuracy, to make the request inclusive rather than exclusive, and/or to bring within the scope of the request responses that might otherwise be construed to be outside the scope:

    a. The masculine shall include the feminine and vice versa;

    b. The use of a verb in any tense shall be construed as the use of the verb in all other tenses; and

    c. "Each" shall include "every" and vice versa.

9. Where a request does not specifically request a document or a portion of a document but where such document or portion is necessary to make the response to said request either comprehensible, complete, or not misleading, you must include such document or portion as part of that response, and the request shall be specifically deemed to request such document or portion.

10. The documents requested herein include all documents that were at any time in your possession, without regard to whether such documents were originally prepared by you.

## DOCUMENT REQUESTS

1. Produce duly-executed, HIPAA-compliant written authorizations, for the release to attorneys for Defendant, of all records concerning any health care providers (*e.g.*, doctors, therapists, social workers, psychiatrists, and psychologists) and medical institutions from whom you sought treatment in connection with the allegations in the Complaint.

2. Produce duly-executed, HIPAA-compliant written authorizations for all health care providers, medical institutions, and/or pharmacies to release to the attorneys for Defendant all medical and pharmaceutical benefits and records from three years prior to your employment and/or application for employment with Guidepoint to the present.

3. Produce all documents concerning any income or earnings you received from any source (including self-employment), from five (5) years prior to your employment and/or application for employment with Guidepoint to the present, including but not limited to, copies of hire letters, pay stubs, tax returns, W-2 forms, and 1099 forms. For tax returns, including W-2 forms and/or 1099s, you may alternatively produce a duly-executed authorization for the release of such records to the attorneys for Defendant.

4. Produce duly-executed, written authorizations for the release to the attorneys for Defendant of all employment records from your employers beginning five (5) years prior to your employment and/or application for employment with Guidepoint, to the present.

5. Produce all documents concerning your education beyond high school. You may alternatively produce duly-executed authorizations for the release of such records to the attorneys for Defendant.

6. Produce any and all of your cell phone records, including text messages, from the inception of your employment and/or application for employment with Guidepoint, to the present concerning the allegations in the Complaint. In the alternative, if you are not in possession of all or part of these records, produce duly-executed authorizations to enable the attorneys for Defendant to obtain these records directly from your service provider(s).

7. Produce all documents concerning your application or interview for employment with Guidepoint, including, but not limited to, resumes, transcripts, notes, and research made in preparation for the interview or done afterward.

8. Produce all documents concerning the terms and conditions of your employment, employment history, and job performance with Guidepoint, including, but not limited to, records relating to salary, benefits, raises, job description, responsibilities and duties, titles, work product, promotions, commendations, attendance, evaluations (formal and informal), warnings, discipline, discharge, personnel policies, directives, handbooks, manuals, or other personnel data.

9. Produce all documents and other tangible things concerning Guidepoint's policy relating to discrimination or retaliation of any kind or the reporting thereof.

10. Produce all documents concerning any steps, policies, seminars, meetings, or training classes of, offered by, or offered on behalf of Defendant concerning compliance with all applicable statutes, laws, regulations, and cases relating to discrimination or retaliation of any kind or the reporting thereof, including, but not limited to, employee manuals, manager manuals, handbooks, pamphlets, company directories, notices, company directives, training materials, correspondence, or any internal memoranda concerning the discussion or adoption of an anti-discrimination policy or failure to do so.

11. Produce all documents concerning complaints, whether written or oral, you made to anyone concerning Defendant or any of its officers, employees, or agents (as applicable).

12. Produce all documents concerning your separation from employment with Guidepoint and the conditions of the separation, including, but not limited to, documents concerning all communications between you and Guidepoint concerning the separation.

13. Produce all documents concerning the rejection of your application(s) for employment with Guidepoint, including but not limited to, documents concerning all communications between you and Guidepoint.

14. Produce all documents concerning any and all efforts by you to secure employment after the cessation of your employment with Guidepoint, including, but not limited to, job applications, resumes, job notices, journals, unemployment insurance documents, employment agency records, and employment website records.

15. Produce all documents concerning any and all efforts by you to secure employment after your application(s) for employment was/were rejected by Guidepoint, including, but not limited to, job applications, resumes, job notices, journals, unemployment insurance documents, employment agency records, and employment website records.

16. Produce any and all documents relating to the pursuit and receipt of unemployment compensation benefits, workers' compensation benefits, and all other government benefits by you subsequent to your separation from employment with Guidepoint.

17. Produce all documents concerning any and all online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, instant messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, and communications that concern:

    a. All allegations set forth in the Complaint;

    b. All facts or defenses raised in Defendant's answer to the Complaint;

    c. Any aspect of your employment with Guidepoint;

    d. Any aspect of your application for employment with Guidepoint;

  e. Any emotion, feeling, or mental state from the commencement of your employment with Guidepoint and/or your application(s) for employment with Guidepoint to the present; and

  f. Any events that could reasonably be expected to produce a significant emotion, feeling, or mental state from the commencement of your employment with Guidepoint and/or your application(s) for employment with Guidepoint to the present.

18. Produce duly-executed authorizations permitting the attorneys for the Defendant to acquire from Facebook, LinkedIn, Twitter, Instagram, Snapchat, WhatsApp, Reddit, and/or any other social media website on which you have participated, any online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, instant messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, and communications that concern:

  a. All allegations set forth in the Complaint;

  b. All facts or defenses raised in Defendant's answer to the Complaint;

  c. Defendant and any aspect of your employment with Guidepoint and/or your application(s) for employment with Guidepoint;

  d. Any emotion, feeling, or mental state from the commencement of your employment with Guidepoint and/or your application(s) for employment with Guidepoint to the present; and

  e. Any events that could reasonably be expected to produce a significant emotion, feeling, or mental state from the commencement of your

employment with Guidepoint and/or your application(s) for employment with Guidepoint to the present.

19. Produce all notes, journals, memoranda, diaries, calendars, appointment books, notebooks, and any other similar types of documents concerning your allegations in the Complaint, including, but not limited to, scheduled doctor's appointments and procedures.

20. Produce all documents sent to, received by, or concerning any communications between you and any person, party, or non-party, relating to this action or the underlying events concerning your claims against Defendant.

21. Produce all documents concerning any statements made by representatives and/or agents of Defendant relating to the subject matter of the Complaint.

22. Produce all documents concerning the allegation in paragraph "10" of the Complaint that Villetti's work performance was exemplary throughout her employment by Guidepoint.

23. Produce all documents concerning the allegation in paragraph "11" of the Complaint that Guidepoint compelled Villetti to work in a hostile work environment permeated with sex discrimination and harassment and that Guidepoint treated women differently from men on a variety of occasions.

24. Produce all documents concerning the allegation in paragraph "12" of the Complaint that Ashlee Dunston was dismissed for no reason, without consultation with Dunston's staff.

25. Produce all documents concerning the allegation in paragraph "12" of the Complaint that Guidepoint always took the step of consulting a male employee's staff prior to considering his discharge.

26. Produce all documents concerning the allegations in paragraph "14" of the Complaint that, Guidepoint designated Villetti and Bouker Pool ("Pool") as the company's hiring managers for the position of Healthcare Content Strategist and that Villetti and Pool and possessed full and final authorization to hire a candidate for the position.

27. Produce all documents concerning the March 12, 2018 meeting referenced in paragraph "16" of the Complaint.

28. Produce the memorandum dated March 12, 2018, referenced in paragraph "16" of the Complaint.

29. Produce the March 16, 2018 complaint referenced in paragraph "17" of the Complaint.

30. Produce a copy of the policy referenced in paragraph "17" of the Complaint.

31. Produce all documents concerning the "injuries" allegedly suffered by Villetti referenced in allegations in paragraphs "20" and "26" of the Complaint.

32. Produce all documents concerning the allegations contained in paragraphs "22," "24," "28," and "30" of the Complaint that, "Villetti has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation."

33. Produce all documents concerning the allegations contained in paragraphs "34" and "36" of the Complaint that, "Jibril has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation."

34. Produce all documents concerning the allegations in paragraphs "24," "26," "28," "30," "34," and "36" of the Complaint that, "Defendant willfully and maliciously engaged" in discriminatory and retaliatory practices.

35. Produce all documents concerning the allegations in paragraph "32" of the Complaint that, "Defendant engaged in these discriminatory practices with malice and reckless indifference to [Jibril]'s rights protected under federal law."

Dated:   New York, New York
         August 9, 2019

                                GORDON REES
                                SCULLY MANSUKHANI, LLP

                                By: */s/ Brittany L. Primavera*
                                Mercedes Colwin
                                David J. Grech
                                Brittany L. Primavera
                                One Battery Park Plaza, 28th Floor
                                New York, New York 10004
                                Tel: (212) 269-5500
                                Fax: (212) 269-5505
                                Email: mcolwin@grsm.com
                                Email: dgrech@grsm.com
                                Email: bprimavera@grsm.com
                                *Attorneys for Defendant*

To:   Stuart Lichten
      Lichten & Bright, P.C.
      387 Park Avenue South, 5th Floor
      New York, New York 10016-8819
      Email: slichten@lichtenandbright.com
      *Attorneys for Plaintiffs*