UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

VALENTIA VILLETTI and FAIZA JIBRIL, M.D.,

        Plaintiff,                                    18 Civ. 10200 (VBS)

    - against -

GUIDEPOINT GLOBAL LLC,                        DECLARATION OF
                                                                     VALENTIA VILLETTI

        Defendant.

------------------------------------------------------------------X

        VALENTIA VILLETTI declares under penalty of perjury that the following is true and correct:

        1. I am a plaintiff in this action. I submit this declaration in opposition to defendant's motion for summary judgment.

        2. I was employed by defendant Guidepoint Global LLC ("Guidepoint") as a Senior Healthcare Content Strategist. In that role, I led in-person roundtables, moderated conference calls, read industry journals, communicated with clients, and hosted events in various cities.

        3. Attached as Exhibit A is defendant's job description for my position..

        4. Guidepoint's clients regularly wrote about the value and high quality of my work, and the experts with whom I worked frequently advised me that they were impressed with my knowledge of a wide variety of topics. A sampling of these positive reactions is attached as Exhibit B.

        5. During my tenure at Guidepoint, no one ever told me I was performing tasks that were outside the boundaries of my job. For instance, nobody told me that I should not travel to other

cities, and my direct supervisor, Director of Content Bouker Pool, always approved my travel.

6. During the entire period I worked at Guidepoint, no one ever told me that I was difficult to work with. On the contrary, I had great relationships with the overwhelming majority of employees.

7. Jessica Kagin-Tropea was out on maternity leave for a significant portion of my employment with Guidepoint, and worked primarily at home for the remainder. Her role consisted of logistics and events planning. Kagin-Tropea was not my supervisor and did not possess sufficient information to assess my work. Soon after Guidepoint discharged Pool and me, the company fired Kagin-Tropea.

8. Pool and I agreed that plaintiff Faiza Jibril, M.D., would have been an invaluable asset for Guidepoint, given her vast medical knowledge and direct experience at a healthcare-focused expert network organization.

9. The e-mail I sent to Human Resources Director Priscilla Gulino on March 12, 2018, was primarily intended to request a face-to-face meeting, which I received later that day.

10. In that meeting, I provided more details on the matters mentioned in the e-mail, and I specifically alleged that several incidents constituted sex discrimination. I emphasized that a pattern of discrimination existed at Guidepoint.

_____
VALENTIA VILLETTI